IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. 1:20-cv-00137

| | |
|---|---|
| NEWTEK SMALL BUSINESS FINANCE, LLC, <br>     Plaintiff <br><br> v. <br><br> RETURN TO EXCELLENCE, INC. d/b/a THE WAYNESVILLE INN GOLF RESORT & SPA, MOUNTAIN PRESERVATION, LLC, SN CARVER, LLC, WAYNESVILLE OVERLOOK, LLC, and SAMUEL NED CARVER, <br>     Defendants | VERIFIED COMPLAINT |

Plaintiff, complaining of Defendants Return to Excellence, Inc. d/b/a The Waynesville Inn Golf Resort & Spa, Mountain Preservation, LLC, SN Carver, LLC, Waynesville Overlook, LLC, and Samuel Ned Carver (collectively "Defendants"), says and avers:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Newtek Small Business Finance, LLC ("Plaintiff" or "Newtek") is a New York limited liability company authorized to do business under a Certificate of Authority in North Carolina, with a registered agent in Wake County, North Carolina.

2. Plaintiff is successor by conversion to Newtek Small Business Finance, Inc. ("Newtek" also references the predecessor entity prior to conversion).

3. Upon information and belief, Defendant Return to Excellence, Inc. ("Return to Excellence") is a North Carolina corporation doing business as "The Waynesville Inn Golf Resort & Spa" and having a principal place of business in

Haywood County, North Carolina.

4. Upon information and belief, Defendant Mountain Preservation, LLC ("Mountain Preservation") is a North Carolina limited liability company having a principal place of business in Haywood County, North Carolina.

5. Upon information and belief, Defendant SN Carver, LLC ("SN Carver") is a North Carolina limited liability company that has been dissolved but has or had a principal place of business in Haywood County, North Carolina.

6. SN Carver filed Articles of Dissolution with the North Carolina Secretary of State in August 2015.

7. Upon information and belief, Defendant Waynesville Overlook, LLC ("Waynesville Overlook") is a North Carolina limited liability company that has been dissolved but has or had a principal place of business in Haywood County, North Carolina.

8. Waynesville Overlook filed Articles of Dissolution with the North Carolina Secretary of State in August 2015.

9. Upon information and belief, Defendant Samuel Ned Carver ("Samuel Carver") is a citizen and resident of Haywood County, North Carolina.

10. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy, exclusive of interest and cost, exceeds $75,000.00.

11. Venue is proper in this Court.

**FIRST CLAIM FOR RELIEF**
(Collection on Loan -3150-09 – "Note 1")

12. The previous allegations are incorporated by reference as if completely set forth.

13. On or about October 10, 2014, in exchange for a loan, Return to Excellence, Mountain Preservation, and SN Carver (collectively, "Note 1 Borrowers") executed and delivered to Newtek a promissory note in the original principal amount of $5,000,000.00 ("Note 1").

14. A copy of Note 1 is attached as **"Exhibit 1"** and incorporated by reference.

15. To secure Note 1, for valuable consideration, Note 1 Borrowers executed and delivered to Newtek a General Security Agreement dated October 10, 2014 (the "Note 1 Security Agreement"), granting Newtek a security interest in all personal property owned by Note 1 Borrowers (the "Note 1 Collateral") as collateral for Note 1.

16. A copy of the Note 1 Security Agreement is attached as **"Exhibit 2"** and incorporated by reference.

17. Newtek's security interest in the Note 1 Collateral is perfected by the filing of a UCC Financing Statement with the North Carolina Secretary of State, File Number 20140094561C.

18. As additional security for Note 1, for valuable consideration, SN Carver and Mountain Preservation, as Grantors, executed and delivered to Newtek, as Beneficiary, a Deed of Trust dated October 10, 2014, encumbering the real property, improvements, and other property described therein, that is recorded in Book RB 874, at Page 934 in the Office of the Register of Deeds for Haywood County, North Carolina (the "Deed of Trust").

19. As additional security for Note 1, for valuable consideration, Samuel Carver executed an Unconditional Guarantee dated October 10, 2014, through which he personally guaranteed repayment of all indebtedness of the Note 1 Borrowers pursuant to the terms of Note 1 (the "Samuel Guarantee").

20. As additional security for Note 1, for valuable consideration, Waynesville Overlook executed an Unconditional Guarantee dated October 10,

2014, through which it personally guaranteed repayment of all indebtedness of the Note 1 Borrowers pursuant to the terms of Note 1 (the "Overlook Guarantee").

21. Copies of the Samuel Guarantee and Overlook Guarantee (collectively, "Note 1 Guarantees") are collectively attached as "**Exhibit 3**" and incorporated by reference.

22. Note 1, the Note 1 Security Agreement, Deed of Trust, and Note 1 Guarantees, and all related documents contained in Newtek's loan file, are collectively referred to as the "Note 1 Loan Documents."

23. The terms of Note 1 require the Note 1 Borrowers to pay certain monthly payments by the 1st day of each month.

24. Note 1 is in default for the Note 1 Borrowers' failure to remit the monthly payments due from February 1, 2019 through and including the date of this Verified Complaint.

25. Newtek is the holder of Note 1 and the other Note 1 Loan Documents.

26. The Note 1 Borrowers, Samuel Carver, and Waynesville Overlook (collectively, "Note 1 Obligors") have defaulted in their respective obligations under the Note 1 Loan Documents.

27. By letters dated April 13, 2020, Newtek, through counsel, notified the Note 1 Obligors that Note 1 had been accelerated and demanded payment of the outstanding balance of Note 1 (collectively, "Note 1 Demand Letters"), but the Note 1 Obligors have failed and refused to pay same.

28. Copies of the Note 1 Demand Letters are collectively attached as **"Exhibit 4"** and incorporated by reference.

29. As of May 14, 2020, exclusive of attorneys' fees and other legal expenses, there is due and owing on Note 1 the sum of $5,201,340.98, including principal of $4,615,994.25, accrued but unpaid interest of $550,355.69, late charges of $27,546.04, and other fees and expenses of $7,445.00, plus interest at the rate of

$1,025.78 per day from and after May 14, 2020 until paid in full.

30. Newtek is entitled to a judgment against the Note 1 Obligors, jointly and severally, for the sum of $5,201,340.98, plus interest at the rate of $1,025.78 per day from and after May 14, 2020 until the date of judgment and thereafter at the legal rate until paid in full, plus reasonable attorneys' fees and the costs of this action.

## SECOND CLAIM FOR RELIEF
(Contractual Attorneys' Fees on Note 1 and the Note 1 Guarantees)

31. The previous allegations are incorporated by reference as if completely set forth.

32. Note 1 and the Note 1 Guarantees contain provisions that entitle Newtek to recover its reasonable attorneys' fees and other legal expenses from the Note 1 Obligors if Newtek incurs such expenses to enforce Note 1, the Note 1 Guarantees, and the other Note 1 Loan Documents.

33. As a result of the Note 1 Obligors' defaults under the Note 1 Loan Documents, Newtek has and continues to incur attorneys' fees and other legal expenses related to its enforcement of Note 1, the Note 1 Guarantees, and the other Note 1 Loan Documents.

34. Pursuant to the provisions of North Carolina General Statutes Section 6-21.2, the Note 1 Demand Letter notified the Note 1 Obligors that attorneys' fees in the amount of fifteen percent (15%) of the outstanding indebtedness on Note 1 would be collected if payment of the outstanding balance was not made within five days from the date of said notification.

35. The outstanding balance has not been paid and over five days have elapsed since the mailing of the notification.

36. Pursuant to the provisions of North Carolina General Statutes Section 6-21.2, each of the Note 1 Obligors is hereby notified again that attorneys'

fees in the amount of fifteen percent (15%) of the outstanding indebtedness on Note 1 will be collected if payment of the outstanding balance is not made within five days of service of this Verified Complaint upon them.

37. Newtek is entitled to a judgment against the Return to Excellence, Inc. Mountain Preservation, LLC, SN Carver, LLC, Waynesville Overlook, LLC, and Samuel Ned Carver, jointly and severally, for its reasonable attorneys' fees incurred as a result of their default.

### **THIRD CLAIM FOR RELIEF**
(Possession of Note 1 Collateral)

38. The previous allegations are incorporated by reference as if completely set forth.

39. The terms of the Note 1 Security Agreement provide that, upon default, Newtek is entitled to possession of the Note 1 Collateral.

40. Note 1 Obligors have defaulted on their obligations to Newtek under Note 1 and the Note 1 Security Agreement by failing to make the required monthly payments on Note 1 when due.

41. Upon information and belief, the Defendants remain in possession of the Note 1 Collateral.

42. Newtek demands possession of the Note 1 Collateral.

43. Pursuant to the terms of the Note 1 Security Agreement and CC Agreement (defined below), Newtek is entitled to possession of the Note 1 Collateral in accordance with Newtek's state law and contractual rights, so that Newtek can sell the Note 1 Collateral and apply the net proceeds to the indebtedness owing under the Note 1 Loan Documents and Note 2 Loan Documents (defined below) (collectively, the "Loan Documents").

## FOURTH CLAIM FOR RELIEF
(Collection Loan -7150-09 – "Note 2")

44. The previous allegations are incorporated by reference as if completely set forth.

45. On or about January 27, 2017, in exchange for a loan, Return to Excellence executed and delivered to Newtek a promissory note in the original principal amount of $118,000.00 ("Note 2").

46. A copy of Note 2 is attached as **"Exhibit 5"** and incorporated by reference.

47. To secure Note 2, for valuable consideration, Return to Excellence executed and delivered to Newtek a Security Agreement dated January 27, 2017 (the "Note 2 Security Agreement"), granting Newtek a security interest in all personal property owned by Return to Excellence (the "Note 2 Collateral") as collateral for Note 2.

48. A copy of the Note 2 Security Agreement is attached as **"Exhibit 6"** and incorporated by reference.

49. Newtek's security interest in the Note 2 Collateral is perfected by the filing of a UCC Financing Statement with the North Carolina Secretary of State, File Number 20170007433J.

50. As additional security for Note 2, for valuable consideration, Samuel Carver executed an Unconditional Guarantee dated January 27, 2017, through which he personally guaranteed repayment of all indebtedness of Return to Excellence pursuant to the terms of Note 2 (the "Note 2 Guarantee").

51. A copy of the Note 2 Guarantee is attached as "**Exhibit 7**" and incorporated by reference.

52. Note 2, the Note 2 Security Agreement, and Note 2 Guarantee, and all related loan documents contained in Newtek's loan file, are collectively referred to as the "Note 2 Loan Documents."

53. The terms of Note 2 require Return to Excellence to pay certain monthly payments by the 1st day of each month.

54. Note 2 is in default for Return to Excellence's failure to remit the monthly payments due from February 1, 2019 through and including the date of this Verified Complaint.

55. Return to Excellence and Samuel Carver (collectively, "Note 2 Obligors") have defaulted in their respective obligations under the Note 2 Loan Documents.

56. Newtek is the holder of Note 2 and the other Note 2 Loan Documents.

57. By letters dated April 13, 2020, Newtek, through counsel, notified the Note 2 Obligors that Note 2 had been accelerated and demanded payment of the outstanding balance of Note 2 (collectively, "Note 2 Demand Letters"), but the Note 2 Obligors have failed and refused to pay same.

58. A copy of the Note 2 Demand Letters is attached as **"Exhibit 8"** and incorporated by reference.

59. As of May 14, 2020, exclusive of attorneys' fees and other legal expenses, there is due and owing on Note 2 the sum of $114,468.56, including principal of $103,985.38, accrued but unpaid interest of $9,174.54, late charges of $1,038.64, and other fees and expenses of $270.00, plus interest at the rate of $23.83 per day from and after May 14, 2020 until paid in full.

60. Newtek is entitled to a judgment against the Note 2 Obligors, jointly and severally, for the sum of $114,468.56, plus interest at the rate of $23.83 per day from and after May 14, 2020 until the date of judgment and thereafter at the legal rate until paid in full, plus reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
(Contractual Attorneys' Fees on Note 2 and the Note 2 Guarantee)

61. The previous allegations are incorporated by reference as if completely set forth.

62. Note 2 and the Note 2 Guarantees contain provisions that entitle Newtek to recover its reasonable attorneys' fees and other legal expenses from the Note 2 Obligors if Newtek incurs such expenses to enforce Note 2, the Note 2 Guarantees, and the other Note 2 Loan Documents.

63. As a result of the Note 2 Obligors' default, Newtek has and continues to incur attorneys' fees and other legal expenses related to its enforcement of Note 2 and the other Note 2 Loan Documents.

64. Pursuant to the provisions of North Carolina General Statutes Section 6-21.2, the Note 2 Demand Letter notified the Note 2 Obligors that attorneys' fees in the amount of fifteen percent (15%) of the outstanding indebtedness on Note 2 would be collected if payment of the outstanding balance was not made within five days from the date of said notification.

65. The outstanding balance has not been paid and over five days have elapsed since the mailing of the notification.

66. Pursuant to the provisions of North Carolina General Statutes Section 6-21.2, each of the Note 2 Obligors is hereby notified again that attorneys' fees in the amount of fifteen percent (15%) of the outstanding indebtedness on Note 2 will be collected if payment of the outstanding balance is not made within five days of service of this Verified Complaint upon them.

67. Newtek is entitled to a judgment against the Return to Excellence, Inc. and Samuel Ned Carver, jointly and severally, jointly and severally, for its reasonable attorneys' fees incurred as a result of their default.

## SIXTH CLAIM FOR RELIEF
(Possession of Note 2 Collateral)

68. The previous allegations are incorporated by reference as if completely set forth.

69. The terms of the Note 2 Security Agreement provide that, upon default, Newtek is entitled to possession of the Note 2 Collateral.

70. Note 2 Obligors have defaulted on their obligations to Newtek under Note 2 and the Note 2 Security Agreement by failing to make the required monthly payments on Note 2 when due.

71. Upon information and belief, the Defendants remain in possession of the Note 2 Collateral.

72. Newtek demands possession of the Note 2 Collateral.

73. On or about January 27, 2017, in exchange for valuable consideration, Return to Excellence, Mountain Preservation, and SN Carver executed and delivered to Newtek a Cross-Collateralization and Cross-Default Agreement ("CC Agreement"), through which they agreed that all collateral securing Note 1 would also secure Note 2, and that all collateral securing Note 2 would also secure Note 1.

74. A copy of the CC Agreement is attached as **"Exhibit 9"** and incorporated by reference.

75. Pursuant to the CC Agreement, the Loan Documents are cross-defaulted and cross-collateralized, such that the Note 1 Collateral also secures Note 2 and the Note 2 Collateral also secures Note 1.

76. Pursuant to the terms of the Note 2 Security Agreement and CC Agreement, Newtek is entitled to possession of the Note 2 Collateral in accordance with Newtek's state law and contractual rights, so that Newtek can sell the Note 2 Collateral and apply the net proceeds to the indebtedness owing under the Loan Documents.

WHEREFORE, Plaintiff Newtek Small Business Finance, LLC prays unto the Court:

1. That, on its First Claim for Relief, Plaintiff Newtek Small Business Finance, LLC have and recover of Return to Excellence, Inc., Mountain Preservation, LLC, SN Carver, LLC, Waynesville Overlook, LLC, and Samuel Ned Carver, jointly and severally, the amount of $5,201,340.98, plus interest at the rate of $1,025.78 per day from and after May 14, 2020 until the date of judgment and thereafter at the legal rate until paid in full;

2. That, on its Second Claim for Relief, Plaintiff Newtek Small Business Finance, LLC have and recover of Defendants, jointly and severally, reasonable attorneys' fees in the amount of fifteen percent (15%) of the outstanding balance owing on Note 1 as of the date this Verified Complaint is filed;

3. That, on Plaintiff's Third Claim for Relief, Defendants be ordered to deliver immediate possession of the Note 1 Collateral described in the Note 1 Security Agreement to Plaintiff Newtek Small Business Finance, LLC and its agents, so Plaintiff may dispose of it under its loan documents and applicable law and apply the net proceeds of sale to the outstanding balances of Note 1 and Note 2;

4. That, on its Fourth Claim for Relief, Plaintiff Newtek Small Business Finance, LLC have and recover of Return to Excellence, Inc. and Samuel Ned Carver, jointly and severally, the amount of $114,468.56, plus interest at the rate of $23.83 per day from and after May 14, 2020 until the date of judgment and thereafter at the legal rate until paid in full;

5. That, on its Fifth Claim for Relief, Plaintiff Newtek Small Business Finance, LLC have and recover of Return to Excellence, Inc., Mountain Preservation, LLC, SN Carver, LLC, Waynesville Overlook, LLC, and Samuel Ned Carver, jointly and severally, reasonable attorneys' fees in the amount of fifteen percent (15%) of the outstanding balance owing on Note 2 as of the date this Verified Complaint is filed;

6. That, on Plaintiff's Sixth Claim for Relief, Defendants be ordered to deliver immediate possession of the Note 2 Collateral described in the Note 2 Security Agreement to Plaintiff Newtek Small Business Finance, LLC and its agents, so Plaintiff may dispose of it under its loan documents and applicable law and apply the net proceeds of sale to the outstanding balances of Note 1 and Note 2;

7. That Plaintiff Newtek Small Business Finance, LLC have and recover of Defendants, jointly and severally, the costs of this action; and,

8. That Plaintiff Newtek Small Business Finance, LLC have and recover such other and further relief as to the Court may seem just and proper.

This the 4th day of June, 2020.

/s/ Norman J. Leonard
Lance P. Martin
N.C. State Bar I.D. No.: 027287
email: lpm@wardandsmith.com
Norman J. Leonard
N.C. State Bar I.D. No.: 039852
email: njl@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 2020
Asheville, NC 28802-2020
Telephone: 828.348.6070
Facsimile: 828.348.6077
Attorneys for Newtek Small Business Finance, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO.

| | |
|---|---|
| NEWTEK SMALL BUSINESS FINANCE, LLC, )<br>Plaintiff )<br>)<br>v. )<br>)<br>RETURN TO EXCELLENCE, INC. d/b/a )<br>THE WAYNESVILLE INN GOLF )<br>RESORT & SPA, MOUNTAIN )<br>PRESERVATION, LLC, SN CARVER, )<br>LLC, WAYNESVILLE OVERLOOK, LLC, )<br>and SAMUEL NED CARVER, )<br>Defendants | VERIFICATION |

PETER PERSICHETTE, being duly sworn, deposes and says that he is Special Servicing Manager of Newtek Small Business Finance, LLC, and as such is authorized to make this verification; that he has read the foregoing COMPLAINT, and the same is true of his own knowledge, except as to those matters and things stated on information and belief, and, as to those, he believes them to be true.

_____
Peter Persichette, VP

_Nassau_____ COUNTY, NEW YORK

Sworn to (or affirmed) and subscribed before me this day by Peter Persichette.

Date _May 26th, 2020_

_Maryann Barrucco_
(Official Seal)

Signature of Notary Public

My commission expires: _08/06/2020_

ND: 4812-0237-3819, v. 1

MARYANN BARRUCCO
Notary Public, State of New York
No. 01BA6266611
Qualified in Nassau County
Commission Expires 8/6/2020